14202.   CAMP TRANSFER & STORAGE COMPANY INC. *v.* KAMPF.

BLOODWORTH, J.   1. The charge in this case was clear and fair, and fully covered the issues raised, and a new trial is not required because of the alleged error in the excerpt from the charge, to the effect that the jury were not bound by the opinion of certain witnesses.

2. Questions of diligence and negligence are peculiarly for the jury; and the jury in this case, on conflicting evidence, having determined the issues in favor of the plaintiff, and as this court cannot say that there is no evidence to support the verdict, we will not interfere with it.
*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
DECIDED JULY 11, 1923.

Action for damages; from city court of Atlanta — Judge Reid. December 9, 1922.

Household goods were undervalued to a railroad company by a transfer corporation employed by the owner to box them and ship them from Atlanta, Ga., to Philadelphia, Pa., a "released" valuation of ten cents a pound being placed upon them without instruction from the owner as to the valuation, and a bill of lading taken under which the owner could not collect from the railroad company more than that valuation for goods which were lost in transit. This suit was by the owner against the transfer corporation for damages to the extent of the difference between the sum collected from the railroad company and the alleged actual value of the goods lost, the plaintiff alleging that the defendant was negligent in shipping the goods at the valuation stated in the bill of lading. The trial resulted in a verdict against the defendant for $650.

It was testified on the part of the defendant that the usual and general custom among transfer companies and shippers in Atlanta in the shipment of household goods from Atlanta, in the absence of information as to how to ship, is to place a "released" valuation upon them of 10 cents a pound, that very few lots of goods are shipped at higher rates, and possibly 90 per cent. of the shipments are at the released rate stated. The court, after stating to the jury the defendant's contention " that generally and almost universally shipments were made at this released rate on household goods, and that, in the absence of any instructions on the subject, it took just such care of the plaintiff's goods as every prudent man would have taken, and was in the exercise of ordinary care in the manner of shipment," charged as follows: " Well, the whole thing is a question for your determination. You have heard the evidence from different people, as to what they claim was the ordinary way the transfer agencies made these shipments, but you are not bound by anybody's opinion on the subject; you would take all the evidence, take all the facts, consider all this evidence, weigh it, and give it such weight as you think it is entitled to, and for yourselves finally say whether the defendant exercised the degree of care required of it in the manner of shipment, or whether it was guilty of negligence." The foregoing instruction that the jury " are not bound by anybody's opinion

on the subject" is complained of in the motion for a new trial, on the ground that it "was misleading and contrary to law, in that it led the jury to believe that it could disregard the testimony of these witnesses entirely, and make up its judgment without considering the weight of this evidence at all, and to utterly disregard it."

*Anderson & Slate,* for plaintiff in error.

*F. C. Tindall, Brandon & Hynds,* contra.